### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA

Case No. 1:26-CV-967

**BARRY HARLEY**,

      Plaintiff,

v.

**VANTAGE CONSTRUCTION
CORPORATION and MORGAN GICK
MCBEATH & ASSOCIATES, P.C. d/b/a
MGMA**,

      Defendants.

---

### COMPLAINT

Plaintiff Barry Harley ("Plaintiff") sues defendants Vantage Construction Corporation ("Vantage") and Morgan Gick McBeath & Associates, P.C. d/b/a MGMA ("MGMA") (collectively, the "Defendants"), and alleges as follows:

### THE PARTIES

1. Plaintiff is an individual who is currently residing in the Commonwealth of Virginia.

2. Vantage is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 21000 Atlantic Blvd., Suite 500, Sterling, VA 20166. Vantage's agent for service of process is Rees Broome, PC, 1900 Gallows Road, Suite 700, Tysons Corner, VA 22182.

3. MGMA is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 131 Great Falls Street, Suite 200, Falls Church, VA 22046. MGMA's agent for service of process is William J. Walsh,

McCandlish & Lillard, 11350 Random Hills Road, Suite 500, Fairfax, VA 22030.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.       This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6.       Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "The language 'may be found' means any district which may assert personal jurisdiction over a defendant."  Johnson v. Sky Media, LLC, No. 1:19-3269-MGL-PJG, 2020 U.S. Dist. LEXIS 73016, at *16-17 (D.S.C. Apr. 23, 2020).  In other words, "venue is proper generally where personal jurisdiction can be asserted over the corporate defendant." Frontline Test Equip. v. Greenleaf Software, 10 F. Supp. 2d 583, 589 (W.D. Va. 1998).

## FACTS

### I.       Plaintiff's Business and History

7.       Plaintiff specializes in hotel, architecture, and portrait photography. His work has taken him around the globe, including to Scotland, New York, and the Caribbean.

8.       Plaintiff is the recipient of numerous awards, such as the 2020 ND International Photography Award, the 2020 International Photography Award, the 2020 APA Portrait Award, and the 2020 Communication Arts Award of Excellence.  His work has been published by various magazines and businesses, including Vie Magazine, Vogue Italia, Capitol File Magazine, Fox DC, Arlington Magazine, Canon Russia, and Open House Magazine.

2

9.     Plaintiff maintains a commercial website (https://www.barryharley.com/) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Plaintiff, and invites prospective customers to contact Plaintiff to discuss plans and estimates for a professional photo shoot.

## II.     The Works at Issue in this Lawsuit

10.     Plaintiff created multiple photographs of the interior of a building (collectively referred to herein as the "Work").  Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

11.     Each photograph comprising the Work was registered by Plaintiff with the Register of Copyrights and was assigned a registration number thereby.  A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

12.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III.     Defendants' Unlawful Activities

13.     MGMA owns and operates an architecture and interior design firm, serving the greater Washington D.C. area.

14.     MGMA advertises/markets its business through its website (https://www.mgmadesign.com/), social media (e.g., https://www.facebook.com/mgmadesign/ and https://www.instagram.com/mgmadesign/), and other forms of advertising.

15.     In January 2023, Plaintiff granted MGMA limited rights to use the Work, as outlined in an invoice (the "Invoice"). A copy of the Invoice is attached hereto as **Exhibit "C"**.

The Invoice specifically provides:

9. RIGHTS LICENSED: The licensed rights are transferred only upon: (a) Client's acceptance of all terms contained in this Agreement, (b) Licensor's receipt of full payment, and (c) the use of proper copyright notice and other Copyright Management Information requested or used by Licensor in connection with the Image(s). Licensor is willing to license the Image(s) to Client only upon the condition that Client accepts all of the terms of this Agreement. Unless otherwise specifically stated on the front of this Agreement, all licenses are non-exclusive, the duration of any license is one year from the date of Licensor's invoice and is for English language use in the United States of America only. Licensor reserves all rights in the Image(s) of every kind and nature, including, without limitation, copyright, electronic publishing and use rights, in any and all media, throughout the world, now existing and yet unknown, that are not specifically licensed or transferred by this Agreement. No license is valid unless signed by Licensor. This Agreement may not be assigned or transferred without the prior written consent of Licensor and provided that the assignee or transferee agrees in writing to be bound by all of the terms, conditions, and obligations of this Agreement. Any voluntary assignment or assignments by operation of law of any rights or obligations of Client shall be deemed a default under this Agreement allowing Licensor to exercise all remedies including, without limitation, terminating this Agreement, the right to all net worth or financial information of any assignee and the fullest extent of adequate assurances of future performance. Upon request by Licensor Client shall provide Licensor with a full and complete disclosure of any and all uses of each Image and provide Licensor with two (2) copies, without charge, of each and every use of each Image.

16.     Subsequent to the issuance of the Invoice, MGMA never approached Plaintiff to request sub-licensing and/or any other transmission of the Work to any third-party.

17.     Upon information and belief, MGMA distributed the Work to Vantage in connection with the sale of Vantage's products and/or services.  Such distribution is in violation of the above-referenced terms of the Invoice and Plaintiff's exclusive rights under 17 U.S.C. § 106.

18.     Vantage owns and operates a commercial construction company specializing in build-to-suit, tenant interiors, institutional, retail, and specialty projects.

19.     Vantage advertises/markets its business through its website (https://www.vantage-construction.com/), social media (e.g., https://www.instagram.com/vantageconstructioncorp), and other forms of advertising.

20.     In April 2024 (after the above-referenced copyright registration of the Work), Vantage displayed and/or published the Work on Vantage's website, webpage, social media,

and/or print media as a means of advertising, promoting, and/or marketing its business.

21.    True and correct copies of screenshots of Vantage's website, webpage, social media, and/or print media, displaying the copyrighted Work, are attached hereto as **Exhibit "A."**

22.    Vantage is not and has never been licensed to use or display the Work (and MGMA is not and has never been licensed or authorized to distribute the Work to Vantage or any other third-party). Defendants never contacted Plaintiff to seek permission to use the Work in connection with Vantage's website, webpage, social media, and/or print media or for any other purpose.

23.    Upon information and belief, MGMA reproduced and distributed copies of the Work to Vantage, who then utilized the Work for commercial use – namely, in connection with the marketing of Vantage's business, which is outside the scope of the Invoice.

24.    Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Vantage's unauthorized use/display of the Work in May 2024. Following such discovery, Plaintiff notified Vantage in writing of such unauthorized use. Defendants (through counsel) then informed Plaintiff that the Work was provided/distributed by MGMA to Vantage.

25.    All conditions precedent to this action have been performed or have been waived.

### <u>COUNT I – COPYRIGHT INFRINGEMENT</u>
**(Vantage)**

26.    Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and

5

interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

29.     Vantage had access to the Work prior to its own reproduction, distribution, and public display of the Work on Vantage's website, webpage, social media, and/or print media.

30.     Vantage reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

31.     By its actions, Vantage infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Vantage's infringement was either direct, vicarious, and/or contributory.

32.     Plaintiff has been damaged as a direct and proximate result of Vantage's infringement.

33.     Plaintiff is entitled to recover his actual damages resulting from Vantage's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Vantage's profits from infringement of the Work, which amounts shall be proven at trial.

34.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Vantage's conduct.

36.     Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Vantage as follows:

a. A declaration that Vantage has infringed Plaintiff's copyrights in the Work;

b. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

c. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Vantage, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Vantage, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (MGMA)

37.    Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

38.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

39.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

40.    MGMA had access to the Work prior to its own reproduction, distribution, and

7

public display of the Work on Vantage's website, webpage, social media, and/or print media.

41.    MGMA reproduced and distributed the Work without authorization from Plaintiff.

42.    By its actions, MGMA infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing and distributing the Work for its own commercial purposes.

43.    Alternatively, to the extent MGMA did not directly infringe Plaintiff's rights in the Work, MGMA is liable for contributory infringement.

44.    "The Copyright Act does not specifically provide for such extended liability, instead describing only the party who actually engages in infringing conduct - the one who directly violates the prohibitions. Yet under general principles of law, vicarious liability or contributory liability may be imposed." CoStar Grp., Inc. v. LoopNet, Inc., 373 F.3d 544, 549-550 (4th Cir. 2004). "A defendant can also be found contributorily liable for copyright infringement." Jalbert v. Grautski, 554 F. Supp. 2d 57, 68 (D. Mass. 2008).

45.    "Specifically, a party 'who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another, may be held liable as a "contributory" infringer.'" Id. (quoting Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)). "The Supreme Court has stated that contributory liability 'may be predicated on actively encouraging (or inducing) infringement through specific acts . . . .'" Id. (quoting Metro-Goldwyn-Mayer Studios, Inc., v. Grokster, Ltd., 545 U.S. 913, 942 (2005)). "Although the defendant must have knowledge of the infringing activity, 'the defendant need only have known of the direct infringer's activities, and need not have reached the legal conclusion that those activities infringed a copyrighted work.'" Id. (quoting Paul Goldstein, GOLDSTEIN ON COPYRIGHT, § 8.1 n. 1 (2005)). "Nor is it necessary that the defendant be aware that the

infringing activity violates the copyright laws." <u>Sony Corp. of Am. v. Universal City Studios, Inc.</u>, 464 U.S. 417, 489 (1984).

46.     Thus, assuming MGMA did not directly infringe, MGMA caused or materially contributed to Vantage's infringing activity.  MGMA's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  MGMA encouraged Vantage to utilize copyrighted imagery on its website, all while knowing the material was copyright protected.

47.     MGMA obtained a direct financial benefit from its own and/or Vantage's infringing activities.

48.     MGMA's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, MGMA itself utilizes copyright disclaimers on its website ("Copyright © 2024 MGMA DESIGN. All rights reserved."). MGMA clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

49.     Plaintiff has been damaged as a direct and proximate result of MGMA's infringement.

50.      Plaintiff is entitled to recover his actual damages resulting from MGMA's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of MGMA's profits from infringement of the Work, which amounts shall be proven at trial.

51.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

52.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and

attorneys' fees as a result of MGMA's conduct.

53.     MGMA's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against MGMA as follows:

a.  A declaration that MGMA has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining MGMA, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with MGMA, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

**BARRY HARLEY**

_____/s/_____
By Counsel

10

Matthew W. Smith
VSB No. 44558
*Attorney for the Plaintiff*
OTEY SMITH & QUARLES
485 McLaws Circle
Williamsburg, VA 23185
757.903.2665 T
757.561.2378 F
MSMITH@OSQLAW.COM